[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10598
Non-Argument Calendar
_____

D.C. Docket No. 5:10-cv-00531-WTH-PRL


JIMMY L. CONEY,

                                                    Petitioner-Appellant,

versus

WARDEN, FCC COLEMAN-MEDIUM,

                                                    Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 9, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Jimmy L. Coney, a federal prisoner proceeding *pro se*, appeals the dismissal of his petition for a writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2241.  Coney was convicted of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  He was sentenced in 2008 under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and received a statutory minimum sentence of 180 months' imprisonment.  That same year, he filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, arguing that he received ineffective assistance of counsel, but the motion was denied and we declined to issue a Certificate of Appealability.  He then filed a writ of habeas corpus, pursuant to § 2241 and the savings clause of § 2255(e), which the district court dismissed.

On appeal, he argues that he was erroneously sentenced as an armed career criminal based on a 1996 Florida state court cannabis conviction that was not a valid predicate offense.  Therefore, he was sentenced in excess of the applicable statutory maximum, and the savings clause of § 2255(e) allows him to bring a habeas corpus petition under § 2241.

Whether a prisoner may bring a § 2241 petition under the savings clause of § 2255(e) is a question of law that we review *de novo*.  *Bryant v. Warden*, *FCC Coleman-Medium*, 738 F.3d 1253, 1262 (11th Cir. 2013).  We read *pro se* litigants'

2

briefs liberally, but will not address arguments raised for the first time in a *pro se* litigant's reply brief.  *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

A person convicted of knowingly violating § 922(g)(1) shall be imprisoned "not more than ten years."  18 U.S.C. § 924(a)(2).  However, the ACCA enhancement imposes a 15-year (or 180-month) mandatory minimum sentence for any defendant who violates § 922(g) after having sustained at least 3 convictions for violent felonies or serious drug offenses committed on different occasions. 18 U.S.C. § 924(e).  A state drug offense is a "serious drug offense" under the ACCA if it has a maximum prison term of at least ten years and involves the intent to manufacture, distribute, or possess with intent to distribute a controlled substance.  *See* 18 U.S.C. § 924(e)(2)(A)(ii).

Although § 2255 is the primary method of collateral attack for federal prisoners, § 2241 provides a limited, additional basis for habeas actions brought by federal prisoners.  *See* 28 U.S.C. § 2241.  However, the savings clause of § 2255 provides that a § 2241 petition "shall not be entertained" if the prisoner has failed to apply for relief by a § 2255 motion, or has already been denied such relief "unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e); *Bryant*, 738 F.3d at 1262.

In *Bryant*, we held that the "savings clause" in 28 U.S.C. § 2255(e) permitted a 28 U.S.C. § 2241 petition where the petitioner's 235-month sentence

3

following a conviction under 18 U.S.C. 922(g) exceeded the 10-year statutory maximum authorized by 18 U.S.C. 924(a). *Bryant*, 738 F.3d at 1256-57.

In that decision, we synthesized our prior savings-clause precedent and set forth five requirements that a petitioner must satisfy in order to demonstrate that his prior § 2255 motion was "inadequate or ineffective to test the legality of his detention," such that he could proceed with a § 2241 petition pursuant to the savings clause. *See id*. at 1274. Specifically, the petitioner must establish that:

(1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [his] distinct prior conviction that triggered § 924(e) and had squarely foreclosed [the] § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a);

(2) subsequent to his first § 2255 proceeding, the Supreme Court's decision . . . overturned our Circuit precedent that had squarely foreclosed [his] § 924(e) claim;

(3) the new rule announced . . . applies retroactively on collateral review;

(4) as a result of [the] new rule being retroactive, [the petitioner's] current sentence exceeds the 10-year statutory maximum authorized by Congress in § 924(a); and

(5) the savings clause in § 2255(e) reaches his pure § 924(e) . . . error claim of illegal detention above the statutory maximum penalty in § 924(a).

*Id*.

4

Coney's claim fails for two reasons.  First, while Coney argues in his reply brief that several of his ACCA predicate convictions other than his cannabis offense were not valid, he did not make those arguments in his initial brief, and therefore we will not consider those arguments.  *Timson,* 518 F.3d at 874.  The court relied on at least three other convictions besides Coney's 1996 cannabis conviction when enhancing his sentence, and therefore it is unnecessary to address whether the cannabis conviction properly "triggered" the ACCA enhancement. *Bryant*, 738 F.3d at 1274.

Second, our Circuit's binding precedent had not specifically addressed his marijuana conviction and squarely foreclosed his claim during his sentencing, direct appeal, and previous § 2255 proceedings.  As such, no subsequent retroactive Supreme Court decision overturned any precedent that had foreclosed Coney's claim, Coney was not sentenced in excess of the applicable statutory maximum, and the savings clause of § 2255(e) did not open the portal to § 2241 relief in his case.  *See id.*  Accordingly, we affirm the district court's dismissal of Coney's § 2241 habeas corpus petition.

**AFFIRMED.**